IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CAMERON COREY LEIGH GREEN, §<br>#2466-21, §<br>§<br>　　　　Plaintiff, §<br>§<br>V. §<br>§<br>ELLIS COUNTY SHERIFF'S DEPT., §<br>ENNIS POLICE DEPT., and STATE §<br>OF TEXAS, §<br>§<br>　　　　Defendants. § | No. 3:21-cv-2262-B-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Cameron Corey Leigh Green, an inmate at the Ellis County jail, submitted a filing *pro se* construed as asserting a violation of his civil rights, specifically that he has been denied access to the jail's law library. *See* Dkt. No. 3. United States District Judge Jane J. Boyle referred Green's lawsuit to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference. And the undersigned entered an order explaining to Green that his "complaint as filed is deficient." Dkt. No. 3 at 1.

This notice of deficiency further explained:

> Under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, but a plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
> While a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not

suffice, *see id.*, to avoid dismissal under *Twombly* and *Iqbal*, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief, *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

And, insofar as Green brings a claim related to law library access, pretrial detainees and prisoners have an established

> constitutional right to access the courts. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, the [United States] Supreme Court's decision in *Bounds* did not establish that prisoners have a right to a law library or legal assistance. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996). Rather, "prison law libraries and legal assistance programs are not ends in themselves, but only the means for assuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Id.* at 351 (quoting *Bounds*, 430 U.S. at 825). Therefore, a prisoner alleging a violation of *Bounds* must demonstrate an actual injury. *Id.* According to the Supreme Court, the right to access the courts "rest[s] on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Because of the actual injury requirement, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Id.*

*Mendoza v. Strickland*, 414 F. App'x 616, 618 (5th Cir. 2011) (per curiam); *see also Hopkins v. Ogg*, 783 F. App'x 350, 354 (5th Cir. 2019) (per curiam) ("A prisoner's right of access to the courts is limited to 'the ability of an inmate to prepare and transmit a necessary legal document to a court.'" (citing *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996); *Terry v. Hubert*, 609 F.3d 757, 761-62 (5th Cir. 2010) (applying this principle to pretrial detainees))).

*Id.* at 1-3.

Green filed an amended complaint in response. *See* Dkt. No. 5. And he paid the applicable filing fee.

Because the Court gave Green an opportunity to state his best case through an amended complaint, the undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this case with prejudice.

Under the Prison Litigation Reform Act, where a prisoner – whether he is incarcerated or detained pending trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Green's payment of the filing fee does not discharge the Court's screening obligation. *See Thompson v. Hayes*, 542 F. App'x 420, 420-21 (5th Cir. 2013) (per curiam) ("[U]nder 28 U.S.C. § 1915A(b)(1), the district court is required to review any civil complaints in which a prisoner seeks relief against a government entity, officer, or employee regardless of whether the prisoner has paid the filing fee." (citing *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998))).

Here, even after being advised that an allegation concerning the denial of access to a prison law library absent an associated denial of access to the courts plus an injury fails to state a claim, *see* Dkt. No. 3, Green's amended complaint provides that, "by denial of law library access [he has] been kept in custody on a parole hold

unjustly," Dkt. No. 5 at 2 (cleaned up). And Green further explains: "The law library is a publicly funded legal aid for persons in custody maintained by Ellis Co. Sheriff Brad Norman available upon request to pro se litigants. I have requested access for multiple reasons" and "having access could allow my hold to be lifted and bond be made." *Id.* (cleaned up).

First, these contentions do not plausibly allege an actual injury, a necessary element of a claim under *Bounds*. That is, Green merely concludes – without further explanation – that, if he just had enough access to a law library, he would win his case and obtain his release.

Further, insofar as Green chose to exercise his right to represent himself in a criminal proceeding, a defendant, "having rejected the assistance of court-appointed counsel," has "no constitutional right to access a law library in preparing the *pro se* defense of his criminal trial." *Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996) (per curiam) ("Guided by *Bounds*, many federal circuit courts have held that a prisoner who knowingly and voluntarily waives appointed representation by counsel in a criminal proceeding is not entitled to access to a law library." (collecting cases)); *see also United States v. Whittington*, 269 F. App'x 388, 406 (5th Cir. 2008) (per curiam) ("Having rejected the assistance of court-appointed attorneys, neither Degrate nor Cardona had a right to access a law library.").

## Recommendation

The Court should dismiss this case with prejudice under 28 U.S.C. § 1915A(b).

A copy of these findings, conclusions, and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 28, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE